**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICE CASTLE, | No. 12-56603 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02099-JAH-RBB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted March 7, 2014
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

Appellant Alice Castle appeals the district court's judgement affirming the

Administrative Law Judge's (ALJ) decision finding that Castle was not disabled

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and was thus ineligible for benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Castle argues that the ALJ erroneously rejected licensed clinical social worker Kellie Michael's opinion regarding Castle's limitations. Further, Castle contends that the ALJ disregarded her cousin, Debra Robuson's, testimony in violation of *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987), and *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). We agree that an ALJ may not reject a lay witness's testimony solely because the witness is not an acceptable medical source. Nevertheless, to the extent that the ALJ erred, that error was harmless because the ALJ gave specific and legitimate reasons for rejecting the relevant testimony. *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011). Specifically, the ALJ rejected Michael's testimony because it contradicted the four acceptable medical sources' opinions. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (holding that an ALJ may discount testimony from "other sources" if the ALJ gives germane reasons for doing so). Furthermore, Robuson's opinion contradicted the medical opinions and was similar to Michael's testimony that was discredited for that very reason. *Id.* at 1121 ("[W]here the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, we cannot reverse the agency merely because the ALJ

2

did not clearly link his determination to those reasons." (internal quotation marks and citation omitted)).

Next, Castle notes that the ALJ incorrectly stated that Dr. Nicholson determined she was "mildly limited" in her ability to associate with day-to-day work activity. We agree that the ALJ was mistaken because Dr. Nicholson actually determined that Castle is "moderately limited" in this one area. However, this error was harmless because Dr. Nicholson opined that Castle has only mild limitations overall, and the other objective medical evidence supports the ALJ's determination that Castle's disability was not severe. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." (internal quotation marks and citation omitted)).

Castle also disputes the ALJ's decision that she does not have an impairment or combination of impairments that significantly limit her ability to work. Specifically, she claims that an impairment is severe if the impairments have "more than a minimal affect on an individual's ability to work," Social Security Ruling 85-28, and here there is substantial evidence that her health concerns affect her ability to work. We disagree. There is sufficient evidence in the record that

Castle's impairments are not severe, including objective medical evidence from four acceptable medical sources that showed Castle was coherent and articulate, had no physical limitations, and could perform basic work activities. Furthermore, substantial evidence supports the ALJ's decision to discredit the subjective testimony from Castle and the lay witnesses. Indeed, Castle's testimony is undermined and discredited by the objective medical opinions and her own description of her daily activities. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (holding that an ALJ may consider a claimant's reputation for truthfulness, inconsistencies in claimant's testimony or between her testimony and her conduct, claimant's daily activities, and testimony from physicians and third parties when weighing a claimant's credibility).

AFFIRMED.